Thank you. I will be also arguing the that's an issue as well as, I hope, the irreconcilable differences issue. I call this the inconsistent explanations case because the evidence shows that the prosecutor made inconsistent and contradictory explanations, both as applied to the jurors that he struck and as an inconsistent in that it was not applied to the non-minority jurors who were not struck. The Supreme Court has held in Snyder and L. Miller that inconsistent application of reasons for striking a minority juror is proves an equal, I mean, equal protection violation of that's in violation. The State relies heavily upon the State court's observation that it, too, observed these jurors and determined that these jurors, the observation by the trial court was that the prosecutor's observations were consistent with his own. But this is an unreasonable determination of fact because the prosecutor struck. What should the prosecutor struck? Prosecutor should have struck if he was applying his reasons consistently, Ms. Bonsang, with respect to both, both Mr. Alvarado and Mr. Ms. Pevers, and Juror Ellis with respect to Ms. Pevers, both of which involved relatives who were a little more, a little more distanced. A son-in-law who only was up for a DUI rather than a mother who was there for drug charges. And in Ellis, it was a son-in-law, and you didn't think the system that treated his son-in-law harsh enough. That is correct, Your Honor. But he was obligated to strike them anyway? Well, he was obligated to use the same application of that reason if that was the reason for striking Ms. Pevers because of this. Ms. Pevers, actually, her mother was not convicted. In fact, the prosecutor started to say, well, we know that the mother and the uncle were very heavily into drugs. It was a big prosecution. They spent a lot of time in prison. And then he backed off of that. So it was internally a contradictory statement. He then says, well, I know, I forget the next statement that related to Pevers and the uncle and the mother. But then he sort of backs off on that. He goes, well, I'm not really sure because she did say it was dismissed. So it's very clear he's sort of fishing for reasons here. He then mentions about the forfeiture. He didn't quite back off on that one, but it was sort of the third thing he came up with after backing off several other things, with Ms. Bond saying her – let me see. That was her brother-in-law actually had convictions as opposed to non-convictions with Ms. Pevers. They're DUIs, but as I cited in the briefs, the statutes in Arizona mean that you're going to have a very long sentence for statutory – the statutory sentence for DUI is very long. So that juror is going to be seeing its relative spend a long time in prison as opposed to Ms. Pevers, who's not going to be seeing her mother spend any time in prison. So if there was going to be a bias towards those who have been convicted, it would apply to the white juror, not to Ms. Pevers. The same thing is true with Mr. Ellis. With Mr. Ellis, his son was convicted – actually convicted of drugs as opposed to Ms. Pevers, whose mother was not. It could not have heartened Mr. Ellis to know that his daughter was going to have her husband and the family – he was going to have the husband spend time in prison. That would have clued in the prosecutor that there is where I should focus on bias against me because this person actually will be convicted – has been convicted and was spending time. That wasn't true. And in Snyder, the Supreme Court pointed out that when the prosecutor said, well, we have a jury here. We struck this jury because he's not going to be able to spend a lot of time. He's going to be rushed to decision. The – the Supreme Court said that is highly speculative, and it actually proves discrimination because there are other jurors who are more likely to rush to decision as well. For that reason, it also applies to Mr. Alvarado. Mr. Alvarado – and this is – this is where I'd like to get to the panel's point that the trial court vouched for the prosecutor. It's an unreasonable determination of fact because the prosecutor actually stated that he was not basing his decision on either strike on what happened in Guadalla. It was before Guadalla. He said, for example, with respect to Mr. Alvarado, quote, what I went on is as Mr. Alvarado told the court, he knows me, I know him. I'm going basically on my personal knowledge of Mr. Alvarado five or six years ago. He's too nice. You couldn't get him to disagree with you. My strike on him is solely going back to my personal knowledge of meeting him numerous times four or six years ago. The trial court immediately says, well, that's consistent with my own observations. But that's an unreasonable determination of fact because the trial court wasn't part of those communications that took place four or six years ago. I took that as being that from observing Mr. Alvarado, he had also observed that he was – might have difficulty making a decision. Yes. Not that he vouched for the personal interaction between the two, but that he had also observed that he might have difficulty coming to a decision. What's wrong with that? It's – what's wrong with it is this. Two things, Your Honor. I think in realistic terms, since State v. Cruz with the Arizona Supreme Court decision where it said we're going to look to see whether or not the trial court has vouched for the prosecutor, trial courts almost automatically say, and that's consistent with my own observations. It requires deference, but as the Supreme Court has held, deference does not mean abandonment of judicial review. What's wrong with it beyond that is if you look at what Alvarado actually said, he made four points. One, he said that I recall what happened here. It was execution style, which is very graphic. That does not indicate anything about being wishy-washy. Two, he said that he had a relationship with the prosecutor because he used to cut his hair all the time. It was a successful financial relationship. Three, he said defendants get off too easy. Again, nothing about too wishy-washy. In fact, it's sort of an indication he's ready to go at it. And four, he said, I will follow the law. Now, so there's nothing that was said there that would suggest that this juror is in any way wishy-washy or flip-flopping. But Juror Nelson, on the other hand, was extremely flip-flopping. She said, I have a hard time judging people. And then the Court said, or one of the attorneys asked, well, what would happen if you were kind of making your decision, but somebody else kind of pushed you to go the other way? Would you change your opinion? And she said, yeah, I might do that. She was not struck, and she actually served on the jury. There is the juror that ought to be struck for not being decisive. That's the one the trial courts made that observation on. Let me just tell you, when I was on the panel in Feltner, that's the same kind of analysis we did, and the Supreme Court said, no, no, no. So how is this any different? What you're asking us to do, how is that any different from what the Supreme Court told us in Feltner we cannot do? Well, I think in this case it's more factually powerful that the trial court could not have vouched for the prosecutor's credibility, second of all. In this case, I think the comparative analysis is stronger as well. And I think I've probably addressed each of those issues that I wanted to address about the internally contradictory statement. And with Mr. Alvarado, I would also submit to the Court, not only is it inconsistent because other jurors weren't struck that should have been struck based on those reasons, but it's contradictory because what the prosecutor was saying to the judge is, I have inside information about this person. I could never get him to disagree with me. That's in – that's contradictory because you would never strike a juror because your history with him is that you could not get him to disagree with you. So it's both contradictory internally for both jurors, and it's inconsistent as applied to other jurors who are more strongly presented as candidates to be struck. I also would point out that I think Ms. Pethers could not be struck. You misquoted that line, Counsel. That line says you couldn't get him to disagree with you. It didn't say I couldn't get him to disagree with me. Yes. I didn't mean to quote it. I'm talking about people generally, and that would suggest being wishy-washy. And I don't see that that's – you know, where he's going off with his own impressions from something that he knows, the prosecutor doesn't have to turn a blind eye to that. No, Your Honor. And when I quoted it, I think I said you couldn't get him to disagree with you. Right now I said that the prosecutor was saying, based on his – his interpersonal relationships with Mr. Algarabia. Your argument was he never should have struck this guy because the guy – because you don't strike somebody who's going to – who's not going to disagree with you. Correct. That's not what the prosecutor said. The prosecutor said he's a very nice person. You couldn't get him to disagree with you. He's just indecisive. That's my recollection. Yes. That's right. Being indecisive and not being able to disagree with people is something that you would worry about going into a jury room with the interaction going on there. Not – he didn't say that I couldn't get him to disagree with me, which is something that, of course, he would like me to do. He'd like me to agree with him. Right. I think, though, his gist was it's based on his personal relations. That's how he knew it. Right. But why is that an improper basis for striking a jury? That was the same argument that was made in Snyder. The argument in Snyder was this guy is going to be so quick, he's not going to disagree with anybody. And the Supreme Court said, well, that's highly speculative, and it's not consistent with the fact that there were other jurors who would be as likely to rush off. And in this case, the reason why it's inappropriate is that Ms. Bonsang had to pick up her children within one hour at Lake Havasu, which is a one-hour drive, as she testified to that. She would be the one to rush off, and she would be the one who would not want to spend time debating it. Same thing with Juror Nelson. I think if I have no other question, I don't want to rush anything if you have questions, but I'd like to address the other issue of the irreconcilable differences. The district court held that this issue should have been raised on a direct appeal and that it was not raised on direct appeal, and therefore, it was precluded. The district court also argued that, or referenced, at least, the Supreme Court, Arizona Supreme Court decision that referenced that there was some hearing with respect to hybrid representation. There actually was not a hearing. When the trial court was addressed with the issue of who was going to represent Mr. Murray, he first granted Mr. Murray permission to be his own trial lawyer, and the trial court argued that then Mr. Murray said, I can't do this. The court then said to Mr. Murray that you're either going to have the attorneys you already had with whom there was an irreconcilable conflict, or you're going to represent yourself. There's no in-between. What precisely was the conflict? The conflict was a number of things that built up to the point where the two were not communicating. I think there's a bunch of affidavits on that. That conflict arose from the fact that Mr. Dickey would fall asleep at the jailhouse, as he admitted. Mr. Dickey also admitted that he would — that he may have taken catnaps during the course of the trial. Mr. Dickey was not responsive to his — to Mr. Murray, and he was not trying the case. Mr. Dickey said to the trial court 11 months into the trial — I mean, 11 months into the case, just before the trial, that I have been ineffective. I have not done anything. Well, wasn't this claim procedurally barred, though? Well, the district court argued it was procedurally barred because — Argued? No, held. Sorry. That it was procedurally barred because it was not raised on direct appeal. I mean, yeah, on direct appeal. I submit that that is incorrect because it is inconsistent with the Lambright v. Stewart case. Lambright — Well, the State court found it was procedurally barred, right? The State trial court found it was procedurally barred. The Arizona Supreme Court summarily dismissed — Correct. Correct. And I submit for two reasons that this issue should be addressed, either as an irreconcilable conflict on the merits or as ineffective assistance of appellate counsel because the post-conviction relief attorney said to the post-conviction relief judge, if you determine — I think you're wrong, Judge — but if you determine that this was precluded because it was not raised on direct appeal, then I move to amend the petition in order to assert ineffective assistance of appellate counsel. And the trial judge refused to allow that. Therefore, this case is very similar to the Greenway case that came out last year where there was a move — a motion to amend the petition, and the court — this court held, even if the petition had been totally dismissed, a petitioner can amend it. And this was not dismissed. It was not even heard on the merits yet when Mr. Murray's attorney asked for an amendment to assert ineffective assistance of appellate counsel. But counsel didn't — wasn't there a concession that the — at the PCR hearing that the claim was procedurally barred? Not by Mr. Murray. I mean, there was an argument by the State in the court's agreement. I thought you conceded that it was procedurally barred. At one point, he — he made another second motion — a second motion to amend, saying if — if the issue is that Mr. Dickey did not — the trial counsel did not develop the facts enough so that it could be raised on appeal, then I want to assert an ineffective assistance claim against him, and the trial court denied that one too. But — and during that argument, on that issue, post-conviction relief counsel did say, I want to renew my motion that appellate counsel was ineffective for not raising the issue on direct appeal if you're claiming, if you're holding, Your Honor, that it should have been raised on direct appeal, which the court did. So — and then in district court, we again raised that issue, and we also said if the post-conviction relief court did, then appellate counsel was ineffective. So under Greenway, there was a petition — there was a motion to amend the petition. It ought to have been granted because it's a very substantive claim, and it was not granted. So that does not preclude Federal relief here, both on that issue and, as well, I submit under Lambright — now, that was an ineffective assistance of counsel claim, and this is not, this is a irreconcilable differences claim, but Lambright was not based on that. Lambright said there are some claims you can't raise on direct appeal because you need evidentiary development. When that happens, there's no independent and adequate bar to Federal rule. And the issue there was ineffective assistance of counsel, but that wasn't the basis of the ruling. The ruling was, can you raise this strictly on appeal, or do you need evidentiary development? You need evidentiary development, and this case needed evidentiary development, and therefore, it had to be. I was going to quote what happened at the trial court as far as not getting a hearing. Mr. Dickey said, in addition, we still have the irreconcilable differences. He was talking about why he didn't — he should not be reappointed. Then I mentioned at the time Mr. Murray asked to be able to represent himself. To solve the problem, we suggested in the past, and we suggest again, that it would be to the advantage of all involved, especially Mr. Murray, to have Carl Ryan appointed to represent him. The Court said, I am going to order that Mr. Dickey and Mr. Gavin continue their previous representation of Mr. Roger Murray. Your motion, Mr. Dickey, is not actually before the Court. I had previously ruled on that, and I choose not to take it up at this time. I submit that it's a bit like the Beatty v. Stewart case where this Court held, when the trial court cuts off the hearing so that the constitutional issues cannot be held or presented, then that does not prevent Federal review of the issue. By saying I'm not going to address those irreconcilable differences, the trial court did not allow the issue to be addressed. Therefore, there never was a hearing on it. For those reasons, I submit under Lambright, it's not the type of case that had to be brought up on direct appeal because you could not submit all the evidence that had to be presented. It's the type of case that had to be presented in Rule 32 proceedings. The Court in Lambright cited language, quoted language, that I think is very important. The State court cases that I looked at all seemed to say that an irreconcilable conflict claim had to be heard on direct appeal. I don't think any court actually holds that. And that was one of the things that Lambright said, is that no court actually holds that. It was the procedure that was followed in those cases. Most of those cases took place after Mr. Murray's case. Therefore, it could not have been firmly established at the time of Mr. Murray's case. It's going back 20 years, which have done that. So it seemed that it was pretty clear in State law. The only one I remember is the Moody case was prior to Mr. Murray's. And Torres cites a dozen cases, or a whole range of cases, and then State v. Cromwell goes back through the history. It didn't seem like there was a question. I know that you briefed that there was some sort of question that wasn't cleared up until Torres, but I didn't see that when I went back and read the cases. I did argue that, Your Honor, that in Torres, the Court for the first time ruled that this needs evidentiary development, and therefore, we can't address it on appeal, and it gets remanded for post-conviction or post-trial hearing, but prior to appeal. And I believe that that's the seminal case that establishes what is the independent and adequate process to be followed, and that it did not exist before Murray. So assuming that there was a State rule that you heard irreconcilable conflict claims had to be brought on direct appeal, and it wasn't, and that's why the PCR petition denied it as precluded under 32.283, what would your, if we, assuming that we said that or we decided that, what would your argument be that that's not independent and adequate, and if so, why? If you conclude that that is an independent and adequate rule and that, in effect, irreconcilable differences claims have to be brought on direct appeal, as the district court held or ruled, then, yes, merits are barred, except that in the PCR, in the post-conviction relief proceeding, the attorney asked then to amend his petition so that we could assert ineffective assistance of appellate counsel for failing to do that very thing of directly appealing it. And I have a note that they said that was, that claim was procedurally barred. What was the basis of the PCR court's ruling not to allow that? The PCR court actually was inconsistent, because at one point it said, I don't think this was addressed to me, and then, but later on, he signed the order submitted by the State, which was it wasn't addressed on appeal. So it was inconsistent. And I'd point out in Lambright, when there's inconsistency, that, too, is not independent The district court said that the PCR court ruled it was because it was not addressed on appeal. And I think I have the language right here, though. The actual PCR court said, but at any rate, I just wanted to say, I'm sorry, but as far as the conflict is concerned in this case, I think where it's precluded, or at least I think the best argument for preclusion is that this was never raised to me as an irreconcilable conflict between Mr. Murray and his attorney. Mr. Murray was complaining about competency, that's true, and he wanted a different counsel. What he wanted was somebody that could get him off the charges. There was never anything that I recall about them not being able to work together, that there was any personality conflict or relation-type conflict. So it looks like that's what was leading the PCR trial court. But that is not, the PCR trial court was incorrect because of the language I just previously read where Mr. Dickey says, when he was being reappointed, there was a conflict that he addressed first of that nature, but then he said, and also there's the irreconcilable differences that I mentioned. In Torres, the court said, once a trial court is made aware of irreconcilable differences, and this court has on three different occasions, it has an affirmative duty to have a hearing on that issue, which this court never did. Right. And that's what the district court found was that the problem here was that this was not an IAC claim. It was actually a claim that the trial court erred in not replacing Mr. Dickey because of the conflict. And that could have been raised on direct appeal. And if it could have been raised on direct appeal, then you sort of got a lock on your Martinez claim. Yes. That is what the district court held. I submit that that is erroneous because it's inconsistent with Lambright, because Lambright said not just that ineffective assistance of counsel claims are inappropriate for appeal. It said, the language that it used was very strong, very broad, any claim, any claim at all that needs evidentiary support, and therefore, because of the rules of Arizona, you can't submit evidence that's not part of the record, that claim cannot be precluded because it was not submitted on appeal. It's the type of claim that Rule 32 is needed to bring out. And the Court actually cited, quoted an Arizona court that had excellent language on point. So in this case, obviously, the inef --" there was no hearings. So the only way that we could present the evidence is through a hearing, through affidavits. And you cannot submit them to the Supreme Court directly because the rules prohibit it. So therefore, Lambright would hold that since you could not submit this evidence, this claim was appropriate for Rule 32. And the quote is, Rule 32 has as its aim the establishment of proceedings to determine the facts underlying a defendant's claim for relief. Where are you reading it, Lambright? I am reading on page 1204. It's a block quote, and it's quoting State v. Bell, an Arizona case. I've ran this off of Lois' law, so it may not be the same page. I mean, it's definitely 1204. Rule 32 has as its aim the establishment of proceedings to determine the facts underlying a defendant's claim for relief. The facts are not otherwise available. When Rule 32.2 is viewed with this aim in mind, we are of the opinion that the preclusion of post-conviction relief under this rule on the ground that the matter was still raisable on direct appeal applies only to those matters in which a sufficient factual basis exists in the record for the appellate court to resolve the matter. Lambright relied heavily upon that language in saying, well, ineffective assistance of counsel claims fall within that, and those have to be developed by an evidentiary hearing. The same is true with irreconcilable differences when the trial court has held a hearing. Is there a case saying that the same is true with irreconcilable differences? It's my argument that it's necessarily axiomatic that those need evidentiary development, and therefore it would fall under the same argument or same rule that when a claim needs evidentiary development, it cannot be presented on appeal. It has to be Rule 32. All right. Do you want to stay some time for rebuttal? Thank you, Your Honor. All right. Thank you. We'll hear from the State. May it please the Court. Lambright was an ineffective assistance of counsel case. The claim raised here was not an ineffective assistance of counsel claim. It was simply that the trial court erred in failing to appoint counsel that would not have irreconcilable conflicts with the defendant. That has always been the claim. It's never been an IAC claim. So that's why it was denied or precluded in state court in the petition for post-conviction relief. But the assertions of counsel's inattentiveness and dozing, were those part of the claim? As far as I can tell from reading the record, those could be part of the claim. I don't believe, in my review of the record, I never got a sense that the irreconcilable conflict was actually explained to the trial court. It just said irreconcilable conflict. We later learned in the post-conviction relief petition that claims were made that Frank Dickey, the trial, the lead trial counsel, fell asleep or alleged to have fallen asleep during portions of the trial. But that claim was never this claim on the irreconcilable conflict. That is a claim that should have been raised on direct appeal, according to State v. Moody. The PCR court found that and precluded this as waived under 32.283. So is the teaching of Lambright, as opposed to counsel, argues that this is the sort of claim that requires evidentiary development, it has to be raised in a PCR court setting. Is that correct? No, it's not, actually. Rule 32 is really for those claims of ineffective assistance of counsel, and there are claims for newly discovered evidence or actual innocence type of claims. It's not for irreconcilable conflict where the trial court erred, which is the claim here. If you have a claim that requires evidentiary development, the best time to do that would be when you raise the irreconcilable conflict in the trial court. That way, when it goes on direct appeal, there will be some record to determine whether that is actually accurate. But these claims, this claim, is not an ineffective assistance of counsel claim. It was that the trial court erred in failing to appoint new counsel. That is a claim that historically is done on direct appeal, not in a Rule 32 proceeding. When counsel talked about moving to amend the petition with this claim, or moving to amend on an ineffective assistance of appellate counsel for failing to raise this claim, my recollection of the record on the motion to amend that was filed was there was a motion to amend for an ineffective assistance of appellate counsel claim, but not on this claim. It was on a Ring claim. So, you know, whether it was done orally, that would simply not be appropriate in State court to ask for amendment without filing a written motion. So I couldn't find, and maybe I'm mistaken, but I couldn't find a written motion asking for an amendment of the petition based on ineffective assistance of appellate counsel for raising this claim. This claim was clearly precluded as waived, and the district court was correct in finding that that's an independent and adequate State ground for barring Federal review, or tease those cases that talk about Rule 32.2a3 as being independent and adequate. So I don't have anything else on that claim other than what's in the briefs. With respect to the Batson claim, again, I would simply rely on the brief. The district court found that the State court was reasonable in its application of Batson in finding that, and even in doing a comparative juror analysis, that Batson still wasn't, or the claim, the Batson claim still wasn't an adequate claim based on the fact that comparative juror analysis done by the district court was done. Unless the court has any further questions on those two issues, I would simply rely on the brief. If it appears not, rebuttal. Thank you. I don't think there was a written motion. I was not able to find a written motion, but it was verbally asserted to the court on two proceedings. One took place in January, and one took place in March. Oh, I'm sorry. Yeah. There was the counsel indicates that there was no written motion for amending the petition to assert a claim of ineffective assistance of appellate counsel. I was not able to find a written motion, but it was addressed in the motions. It was addressed in the pleadings that were submitted to the court, even though there was not a formal motion. What was said was, if you determine that this is precluded, then allow us to amend the petition to assert a claim of ineffective assistance of appellate counsel. Can you move to amend that way, in an informal way? Does that qualify as a motion to amend in the NISR? I'm not sure if it does or does not, Your Honor, but he did mention it in oral argument as well, and I think it was very clear at that point that, Your Honor, you have to address this either as on the merits directly because it's not precluded, or you have to address it as a matter of ineffective assistance of appellate counsel. Now, at that point, I think it's very clear it's before the trial court, that issue, and of the effectiveness of appellate counsel and of the irreconcilable differences. There were two hearings where he made that comment. One was in January and one was in March, and I can tell you, I think, it looks like it was January 22, 2000. Let me make sure I'm right. Oh, yes. It was – yes, it was actually, I'm sorry, it was June 22, 2000, where the PCR counsel states if, in fact, the court is denying the Moody claim because it should have been Carl O'Ryan, the appellate counsel, was ineffective and defendant is suffering that ineffective assistance, and it went on from there. And it was raised once before that as well, and I believe that was January 10, 2000. I have nothing further. All right. Thank you. Thank you. Thank you to both counsel for your argument. The case just argued is submitted for decision by the court. That completes our calendar for the week, and this court is adjourned. All rise.
judges: Rawlinson, Bybee, Ikuta